UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLLIN TRAMBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV731 SNLJ |
| ) | (TIA) |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Motion for a Stay and Abeyance and Motion for Appointment of Counsel (Docket No. 10). The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On April 23, 2012, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner requests that the Court appoint him an attorney. Petitioner also requests that this Court stay the petition to allow him to exhaust any unexhausted claims in state court.

First, with regard to Petitioner's request for an attorney, "there is neither a constitutional nor statutory right to counsel in habeas proceedings . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the Court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case, while Petitioner raises eleven grounds for habeas relief, they do not appear to be factually or legally complex. Further, careful review of the petition and the traverse indicates that Petitioner has thus far been able to articulate his claims in a clear, concise manner. Because Petitioner has demonstrated an ability to adequately present his claims without an attorney, his motion for appointment of counsel

will be denied at this time.

Petitioner also requests that this Court stay the petition to allow him to exhaust any unexhausted claims in state court. Petitioner cites Rhines v. Weber, 544 U.S. 269 (2005) in support of this proposition. The Supreme Court held that a district court has the discretion to stay a § 2254 petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. Id. at 276. However, Rhines specifically states that "stay and abeyance should be available only in limited circumstances." Id. Indeed, the Court found that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. And, if good cause is shown, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." Id.

Petitioner asks the Court to stay these federal habeas proceedings so he can present to the state courts numerous claims of ineffective assistance of counsel. A prisoner cannot file successive post-conviction motions under Rule 29.15, see Rule 29.15(g) ("The circuit court shall not entertain successive motions,") so the undersigned assumes that Petitioner wants to pursue his claims in a state habeas petition under Rule 91. Although a "Rule 29.15 ... post-conviction motion[] for relief [is] 'designed to provide a "single unitary, post-conviction remedy, to be used in place of other remedies," including the writ of habeas corpus,'" subsequent state habeas relief is not barred in certain circumstances. State ex rel. Laughlin v. Bowersox, 318 S.W.3d 695, 701 (Mo. 2010) (en banc) (quoting State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo. 2001)(en banc)). Specifically, state habeas relief may be available when a petitioner demonstrates

will be denied at this time.

Petitioner also requests that this Court stay the petition to allow him to exhaust any unexhausted claims in state court. Petitioner cites Rhines v. Weber, 544 U.S. 269 (2005) in support of this proposition. The Supreme Court held that a district court has the discretion to stay a § 2254 petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. Id. at 276. However, Rhines specifically states that "stay and abeyance should be available only in limited circumstances." Id. Indeed, the Court found that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. And, if good cause is shown, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." Id.

Petitioner asks the Court to stay these federal habeas proceedings so he can present to the state courts numerous claims of ineffective assistance of counsel. A prisoner cannot file successive post-conviction motions under Rule 29.15, see Rule 29.15(g) ("The circuit court shall not entertain successive motions,") so the undersigned assumes that Petitioner wants to pursue his claims in a state habeas petition under Rule 91. Although a "Rule 29.15 ... post-conviction motion[] for relief [is] 'designed to provide a "single unitary, post-conviction remedy, to be used in place of other remedies," including the writ of habeas corpus,'" subsequent state habeas relief is not barred in certain circumstances. State ex rel. Laughlin v. Bowersox, 318 S.W.3d 695, 701 (Mo. 2010) (en banc) (quoting State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo. 2001)(en banc)). Specifically, state habeas relief may be available when a petitioner demonstrates

> (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by something external to the defense – that is, a cause for which the defense is not responsible – and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.

State ex rel. Zinna v. Steele, 301 S.W.3d 510, 516-17 (Mo. 2010) (en banc) (internal quotation marks omitted) (quoting Brown v. State, 66 S.W.3d 721, 731 (Mo. 2002) (en banc)); accord Storey v. Roper, 603 F.3d 507, 523 (8th Cir. 2010) ("[I]n extremely rare circumstances – when a defendant is impeded from complying with state post-conviction rules through no fault of his own, or when the basis of a claim was not earlier available – a state prisoner can use the Rule 91 [state habeas] petition to raise claims that could have been raised in the Rule 29.15 post-conviction motion"), cert. denied, 131 S. Ct. 1574 (2011).  Therefore, if Petitioner satisfies those "extremely rare circumstances" which support the pursuit of a state habeas proceeding after a post-conviction motion, the state courts may allow him to seek state habeas relief at this time.  The question here is whether this federal habeas proceeding should be stayed and held in abeyance for a limited time to allow Petitioner to attempt to pursue state habeas relief for his claims.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court set forth the "limited circumstances" under which a federal district court may grant a motion for stay and abeyance of a timely federal habeas proceeding.  See id. at 277 (stay and abeyance is only available in "limited circumstances").  Specifically, a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are no "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay."  Rhines, 544 U.S. at 277-78.  For purposes of ruling the instant motion, the undersigned assumes Petitioner's federal habeas petition was timely filed.

One of the factors required for issuance of a stay and abeyance is a showing by the petitioner of "good cause" for not first exhausting the claims in state court. Rhines, 544 U.S. at 277. While the Supreme Court did not define the requisite "good cause" in Rhines, it later noted that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without first exhausting his claims. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).

A review of Petitioner's motion shows that Petitioner alleges numerous claims of ineffective assistance of counsel. In the instant case, Petitioner is unable to show good cause. Under the circumstances, the basis of all his claims were available to Petitioner at the time he filed his original petition, and he had the opportunity to raise his unexhausted claims in the previous state court actions. Likewise, Petitioner has not suggested cause to excuse his failure to exhaust his State remedies. As such, the undersigned finds that Petitioner's Motion for Stay and Abeyance of his federal § 2254 proceedings should be denied. Here, the undersigned finds Petitioner has not shown "good cause" and thus will deny the motion for stay or abeyance. See Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket No. 10) is **DENIED**. If the Court later determines that counsel is necessary, the appropriate order will be issued.

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion for a Stay and Abeyance (Docket No. 10) be **DENIED.**

The parties are advised that Petitioner has fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   1st   day of February, 2013.