UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLLIN TRAMBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:12CV731SNLJ |
| ) | (TIA) |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Subpoenas Dues[*sic*] Tecum (Docket No. 16).  The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

Petitioner Collin Tramble is presently incarcerated at the Jefferson City Correctional Center located in Jefferson, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City, Missouri.  A jury convicted Petitioner of second-degree murder and armed criminal action.  The trial court sentenced Petitioner to two concurrent sentences of life in prison.

On April 23, 2012, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in federal court.  Petitioner raises four grounds for habeas relief: 1) the trial court erred by declining to suppress the out-of-court identification of him by Roy Ransom; 2) the trial court erred by permitting the State to argue in closing argument that the defense did not prove him innocent and did not prove him not guilty; 3) trial counsel was ineffective for failing to call Gene Geitzen as a witness at trial after telling the jury that he would call a blood splatter expert in his opening statement; and 4) trial counsel was ineffective in that he failed to call Petitioner as a witness.

Respondent filed his Response to Order to Show Cause on June 14, 2012, asserting that the habeas petition should be denied inasmuch as the grounds asserted are without merit.

On March 15, 2013, Petitioner filed a Motion for Subpoenas Dues[*sic*] Tecum presently before this Court. In that motion, Petitioner requests that the Court to order the production of witnesses Chip Mathis, Dane Roper, and Nellie Perkins, and the "complete legal file under Case No. 051-1091." Petitioner maintains that the documents he requests are "documents, records, and witnesses to be introduced and relied on at Petitioner's requested evidentiary hearing."

"'A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.'" Newton v. Kemna, 354 F.3d 776, 783 (8th cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 889, 904 (1997)). Under Rule 6(a) of the Rules Governing 28 U.S.C.§ 2254 Cases allows a court, upon a showing of good cause, to authorize a party to conduct discovery in habeas cases. However, as specified in Rule 6(b), "[a] party requesting discovery must provide reasons for the request." To determine whether a Petitioner has demonstrated good cause warranting discovery under Rule 6(a), a court must identify the "essential elements" of a petitioner's substantive claims and then evaluate whether "'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 904, 908-09 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Here, Petitioner has failed to demonstrate the relevance of discovery to the grounds raised in his Petition. Further, he has not established that he would be entitled to habeas relief if the facts were further developed. See Byrd v. Armontrout, 686 F. Supp. 743, 784-86 (E.D. Mo. 1988) (denying petitioner's request for discovery where court did not believe that "the information contained in the discovery would establish" petitioner's claims). Indeed, to the extent that Petitioner requests the information to establish his innocence, the undersigned notes that claims of actual

innocence do not "state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Edwards v. Bowersox, No. 4:07CV1783 DJS/FRB, 2010 WL 5301003, at *10 (E.D. Mo. Nov. 29, 2010) (finding that a free-standing claim of actual innocence is not cognizable in a federal habeas proceeding).  "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact."  Herrera, 506 U.S. at 400.   Therefore, the undersigned finds that Petitioner has failed to demonstrate good cause for conducting discovery, and his motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Subpoenas Dues[*sic*] Tecum (Docket No. 16) is **DENIED** without prejudice.

                                    /s/ Terry I. Adelman
                                UNITED STATES MAGISTRATE JUDGE

Dated this    21st    day of November, 2013.